# EXHIBIT 1

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Clarice C. Liu (SBN 160555)<br>Liu Employment Law Firm<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415-288-8622　　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff MARIA DELA VEGA | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER: MARIA DELA VEGA

DEFENDANT/RESPONDENT: SEE'S CANDIES, INC. et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CIV-529779 |
|---|---|

TO *(insert name of party being served):* SEE'S CANDIES, INC.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: August 14, 2014

Clarice C. Liu
(TYPE OR PRINT NAME)

▶ _(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)_

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Civil Cover Sheet, Notice of Case Management Conference, Case Management Conference
   Statement, and ADR Information Sheet.

*(To be completed by recipient):*

Date this form is signed:

James Jones
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)_

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEE'S CANDIES, INC., and DOES 1 through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA DELA VEGA

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**(ENDORSED)**
**FILED**
SAN MATEO COUNTY

JUL 3 1 2014

Clerk of the Superior Court
By   TYLER MAXWELL
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)*   San Mateo County Superior Court

CASE NUMBER:
*(Número del Caso):*   CIV 5 2 9 7 7 9

400 County Center
Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Liu Employment Law Firm - One Sansome Street, Suite 3500, San Francisco, CA 94104; Tel: 415-288-8622

DATE   JUL 3 1 2014                JOHN C. FITTON          Clerk, by          TYLER MAXWELL          , Deputy
*(Fecha)*                                     *(Secretario)*                                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservate)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]                    **SUMMONS**                    Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CLARICE C. LIU (SBN 160555)
LIU EMPLOYMENT LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 288-8622
Facsimile: (415) 288-8633

Attorneys for Plaintiff
MARIA DELA VEGA

(ENDORSED)
**FILED**
SAN MATEO COUNTY

JUL 3 1 2014

Clerk of the Superior Court
By  TYLER MAXWELL
DEPUTY CLERK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO – UNLIMITED JURISDICTION

MARIA DELA VEGA,

                    Plaintiff,

          v.

SEE'S CANDIES, INC., a California
Corporation, and DOES 1 through 100,
inclusive,

                    Defendants.

CASE NO. **CIV 5 2 9 7 7 9**

**COMPLAINT FOR DAMAGES**

(1)  **Disability Discrimination**
(2)  **Failure To Engage In Interactive Process**
(3)  **Failure To Provide Reasonable Accommodation**
(4)  **Wrongful Termination**
(5)  **Failure To Prevent Discrimination**
(6)  **Violation of Family Medical Leave Act**
(7)  **Failure To Provide Overtime Pay, Meal Breaks And Rest Breaks**
(8)  **Intentional Infliction Of Emotional Distress**
(9)  **Negligent Infliction Of Emotional Distress**

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-9622

Plaintiff MARIA DELA VEGA alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff Maria Dela Vega was a longstanding and dedicated employee of SEE'S CANDIES for 17 years, who had received numerous accolades for her contributions and excellent performance evaluations.  In the most recent evaluation, for example, Plaintiff received almost all ratings of "1" – the highest possible rating.  In April 2011, Plaintiff suffered a serious back injury on the job which gave rise to work restrictions by her physician.  Immediately after Plaintiff returned to work from the injury, SEE'S CANDIES started a campaign of harassment against her. Later, when Plaintiff made a complaint of the discrimination and harassment to management, SEE'S CANDIES immediately retaliated and fired this 17-year long term employee.

### PARTIES

2.      Plaintiff MARIA DELA VEGA (hereinafter "Plaintiff") was at all times herein mentioned a resident of California, and employed by SEE'S CANDIES at its California office located in the County of San Mateo, State of California.

3.      Plaintiff is informed and believes, and on that basis alleges that at all relevant times relevant to this Complaint, Defendant See's Candies, Inc. (hereinafter "Defendant" or  "SEE'S CANDIES") is a California corporation that does and has been doing business in the City and County of San Mateo, State of California.

4.      The true names and capacities of Defendants named herein as DOES 1-100 inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff and therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes that DOE Defendants are subject to the jurisdiction of this court.  Plaintiff will amend this Complaint to show true names and capacities when they have been determined.

5.      Plaintiff is informed and believe, and based on that information and belief, alleges that at all times mentioned in this Complaint, Defendants DOES 1-100 were the agents and

-2-

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-6822

1    employees and/or agents of Defendants, and in doing actions mentioned below were, unless

2    otherwise alleged, acting within the course and scope of their authority as such agents, servants,

3    partners and employees with the permission and the consent of Defendants.

4            6.    Venue is proper in this court because one or more Defendants are subject to

5    personal jurisdiction in San Mateo County, and because the claims arose in San Mateo, and injury

6    and damage to Plaintiff occurred in its jurisdictional area.

7            7.    Plaintiff is informed and believes and based thereon alleges that at all relevant

8
9    times defendant SEE'S CANDIES was a covered employer as defined in the California Fair

10   Employment and Housing Act ("FEHA.")

11           8.    Within the time provided by law, Plaintiff filed charges with the California

12   Department of Fair Employment and Housing against SEE'S CANDIES and received a "Right to

13   Sue" letter.

14           9.    Plaintiff had been a dedicated employee at SEE'S CANDIES for 17 years from

15
16   1996 to her termination in 2013.  From 1996 to 2000, Plaintiff held the position of an Inventory

17   Payables Coordinator at SEE'S CANDIES.   Based on her excellent performance, she was promoted

18   in June 2000 to the position of Assistant Buyer – a position that she held for 13 years from 2000 to

19   2013.

20
21           10.   As an Assistant Buyer, Plaintiff was responsible for the purchase of select Non-

22   Inventory Supplies, Materials, Packaging, Capital Expenditure Items, Services, from approved

23   requisitions, or otherwise in accordance with See's specifications and requirements.

24           11.   During her 17 years of work at SEE'S CANDIES, Plaintiff had numerous

25   accomplishments.  Significantly, all of Plaintiff's rankings in her performance evaluations were

26   favorable.  For example, all of her ratings in the past ten years were ranked "1" (exceeds

27   requirements) and "2" (meets requirements).  Indeed, in her last performance evaluation for year

28
                                    -3-

1   2010 prior to her medical leave (by supervisor Susan Wong), almost all of her ratings were "1" –

2   exceeds requirements. Plaintiff received a "1" rating for Job Knowledge, Quality of Work, Quantity

3   of Work, Work Relationships, Initiative, and Customer Service.

4

5           12.     Despite her outstanding contributions to SEE'S CANDIES, unfortunately Plaintiff

6   suffered discrimination, retaliation and was ultimately terminated due to her disability in April 2011.

7           13.     On April 28, 2011, Plaintiff sustained an injury while working at SEE'S CANDIES

8   when she retrieved files in the backroom file room and moving banker's boxes. As she noticed

9   acute pain in her back, Plaintiff sought treatment with her physicians including a spine specialist.

10  Subsequently, Plaintiff completed Employee's Claim for Workers' Compensation Benefits as well as

11  applied for Family Medical Leave on May 23, 2011 for a period from May 9, 2011 to June 30, 2011.

12          14.     On June 23, 2011, Plaintiff went through a procedure for Transforminal Epidural

13  (Lumbar Epidural Steroid) injection. As her condition failed to improve, Plaintiff had a surgery on

14  January 12, 2012 for her Lumbar Disc Herniation, followed by hospitalization thereafter. After

15  discharge, Plaintiff went on home physical therapy and outpatient physical therapy. Later, on April

16  23, 2012, Plaintiff went through another MRI Lumbar Spine Procedure.

17

18          15.     On September 17, 2012, Plaintiff's physician Dr. Sun advised that she may return

19  to work with the restrictions of a lifting limit of 15 lbs. Despite the release to work by her

20  physician, Plaintiff was rejected by SEE'S CANDIES for her return. On September 14, 2012,

21  SEE'S CANDIES responded that the company would not be able to provide Plaintiff with a

22  reasonable accommodation.

23

24          16.     On January 18, 2013, Plaintiff's work restrictions were modified to a weight lifting

25  restriction of 25 lbs (improved from the prior restriction of no lifting over 15 lbs). SEE'S

26  CANDIES eventually allowed Plaintiff to return to work on January 28, 2013 on a full-time basis.

27          17.     Shortly after her return to work, Plaintiff started feeling pressured at work by her

28

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8522

-4-

COMPLAINT FOR DAMAGES

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8522

1   manager, Susan Wong in February 2013.  On March 15, 2013, Ms. Wong started meeting with

2   Plaintiff on a weekly basis to "monitor" her job performance.  On March 25, 2013, Plaintiff's

3   manager started documenting their conversation and copied Human Resources – which occurred

4   only seven weeks after Plaintiff returned from her medical leave.

5        18.   At the same time while Plaintiff was getting acclimated to her former

6   responsibilities, her supervisor noticeably increased her work load, increased scrutiny over her work,

7   and heightened the standards which Plaintiff was required to meet.  As Ms. Wong created a host of

8   unreasonable demands on Plaintiff, Ms. Wong further verbally harassed Plaintiff, making degrading

9   comments such as "where is your brain."

10

11       19.   On May 13, 2013, Ms. Wong further escalated the harassment by issuing a Written

12  Warning to Plaintiff.  In response, Plaintiff had no choice but to make a complaint to Purchasing

13  Director Karen Gard on May 29, 2013.  Within weeks after making the complaint of discrimination

14  and harassment – and requesting an investigation by the company – SEE'S CANDIES terminated

15  Plaintiff's 17-year employment on August 1, 2013.

16

17       20.   In addition to the wrongful termination and disability discrimination, Plaintiff had

18  also been misclassified as an exempt employee, when her job responsibilities did not fit under any

19  exemption classification.  Specifically, Plaintiff's job as an Assistant Buyer consisted of following

20  procedures in purchasing non-inventory supplies, materials, packaging in accordance with the

21  company's specifications and requirements. Plaintiff's position was therefore ministerial in nature

22  and clearly did not have the requisite discretion and independent judgment required for the

23  administrative exemption.

24

25       21.   In this case, Plaintiff's work hours routinely exceeded 40 hours a week – all

26  without overtime compensation.   Further, Plaintiff regularly worked at SEE'S CANDIES without a

27  meal break and rest breaks, in violation of California labor law.

28
                                             -5-

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

1

## FIRST CAUSE OF ACTION

## DISCRIMINATION BASED ON DISABILITY AND/OR

## MEDICAL CONDITION

### (Cal. Gov. Code §§12940(a))

22.    Plaintiff hereby realleges and incorporates by reference as though set forth in their

entirety each and every other allegation herein.

23.    At all times herein mentioned, California Fair Employment and Housing Act

Government Code §§12940, *et seq.* ("FEHA"), was in full force and effect and was binding on

Defendant.  Plaintiff was, at all times material hereto, an employee covered by the provisions and

protections of the FEHA.  These sections require Defendant to refrain from discriminating any

employee on the basis of disability or medical condition.

24.    The foregoing conduct by Defendant violates the FEHA, Government Code §

12940 (a), which provides that discrimination of employees on the basis of disability or medical

condition is an unlawful employment practice.  The discrimination by Defendant of Plaintiff based

on her disability and/or medical condition violates Government Code §12940(a).

25.    Plaintiff's disability and/or medical condition were a motivating factor in

Defendant's decision to discriminate against, harass and eventually terminate Plaintiff.  Such

discrimination violates Government Code §12940(a) and has resulted in damage to Plaintiff.

26.    As a legal result of the discrimination of Plaintiff described above, Plaintiff has

suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe

emotional and physical distress, all to her damages in an amount to be determined at trial and

according to proof.

27.    The acts of Defendant alleged above were done maliciously and/or oppressively.

Accordingly, Plaintiff is entitled to recover punitive damages against Defendant.  Plaintiff has

incurred and continues to incur legal expenses and attorney's fees.  Pursuant to Government Code

-6-

COMPLAINT FOR DAMAGES

§12940, *et seq.*, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees by Defendant.

### SECOND CAUSE OF ACTION

### FAILURE TO ENGAGE IN INTERACTIVE PROCESS
### (Cal. Gov. Code §§12940(n))

28.   Plaintiff hereby realleges and incorporates by reference as though set forth in their entirety each and every other allegation herein.

29.   At all times herein mentioned, California's Fair Employment and Housing Act Government Code §§12940, *et seq.* was in full force and effect and was binding on Defendant. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA.  These sections require an employer to engage in the interactive process with an employee with a known disability or medical condition to formulate a reasonable accommodation, pursuant to Gov. Code section 12940(n).

30.   Plaintiff provided notice to Defendant of her disability and/or medical condition, which triggered the employer's duty to engage in the interactive process with Plaintiff concerning her disability and/or medical condition.

31.   Defendant failed to engage in the interactive process as required by Gov. Code section 12940(n) and instead summarily terminated Plaintiff's employment shortly after learning about her disability and/or medical condition.

32.   The foregoing conduct violates the Fair Employment and Housing Act, Government Code § 12940 (n), which provides that the failure to engage in the interactive process with an employee with a known disability and/or medical condition is an unlawful employment practice.

33.   As a legal result of the discrimination of Plaintiff described above, Plaintiff has

COMPLAINT FOR DAMAGES

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8652

suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe

emotional and physical distress, all to her damages in an amount to be determined at trial and

according to proof.

34.    The acts of Defendant alleged above were done maliciously and/or oppressively.

Accordingly, Plaintiff is entitled to recover punitive damages against Defendant.  Plaintiff has

incurred and continues to incur legal expenses and attorney's fees.  Pursuant to Government Code

§12940, *et seq.*, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees by

Defendant.

### THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE REASONABLE ACCOMMODATION**
**(Cal. Gov. Code §§12940(m))**

35.    Plaintiff hereby realleges and incorporates by reference as though set forth in their

entirety each and every other allegation herein.

36.    At all times herein mentioned, California's Fair Employment and Housing Act

Government Code §§12940, *et seq.* was in full force and effect and was binding on Defendant.

Plaintiff was, at all times material hereto, an employee covered by the provisions and protections

of the FEHA.  These sections require an employer to provide reasonable accommodation to an

employee with a known disability or medical condition, pursuant to Gov. Code section 12940(m).

37.    Plaintiff provided notice to Defendant of her disability and/or medical condition,

which gave rise to the employer's duty to provide reasonable accommodation to Plaintiff

concerning her disability and/or medical condition.

38.    Defendant failed to provide reasonable accommodation as required by Gov. Code

section 12940(m) and instead summarily terminated Plaintiff's employment shortly after learning

about her disability and/or medical condition.

-8-

COMPLAINT FOR DAMAGES

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

39.   The foregoing conduct violates the Fair Employment and Housing Act, Government Code § 12940 (m), which provides that the failure to provide reasonable accommodation to an employee with a known disability and/or medical condition is an unlawful employment practice.

40.   As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

41.   The acts of Defendant alleged above were done maliciously and/or oppressively. Accordingly, Plaintiff is entitled to recover punitive damages against Defendant. Plaintiff has incurred and continues to incur legal expenses and attorney's fees.  Pursuant to Government Code §12940, et seq., Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees by Defendant.

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION

42.   Plaintiff hereby realleges and incorporates by reference as though set forth in their entirety each and every other allegation herein.

43.   As promulgated in the California Constitution, Article I, Section 8, a fundamental public policy exists for the workplace to be free from discrimination.

44.   It is further promulgated in California Government Code Section 12900, *et seq.*, that it is the public policy of the State of California to protect and safeguard the right and opportunity of all persons to seek and hold employment without discrimination, harassment, or retaliation on account of her disability or medical condition.

45.   In taking the actions as set forth above, Defendant wrongfully terminated Plaintiff's

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

employment on the basis of her medical condition and/or disability in violation of the public policy of the State of California as set forth in California Government Code section 12900 *et seq.*

46.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, and has suffered emotional distress and other damages. As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

47.    Defendant committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiff's rights, entitling Plaintiff to awards of punitive damages in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION
### (Violation of Gov.Code § 12940 (k))

48.    Plaintiff hereby realleges and incorporates by reference as though set forth in their entirety each and every other allegation herein.

49.    At all times herein mentioned, California's Fair Employment and Housing Act Government Code § 12940, *et seq.*, was in full force and effect and was binding on Defendant. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA.  These sections require Defendant to refrain from discriminating or harassing any employee on the basis of disability and medical condition, among other grounds.

50.    The foregoing conduct violates the FEHA, Government Code § 12940 (k) when Defendant failed to take all reasonable steps to prevent and/or stop discrimination from occurring in the workplace.

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

-10-
COMPLAINT FOR DAMAGES

51.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, loss of income and benefits, and has suffered emotional distress and damages. As a legal result of the discrimination of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

52.   Defendant committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiff's rights, entitling Plaintiff to awards of punitive damages in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF FAMILY MEDICAL LEAVE ACT &

## CALIFORNIA FAMILY RIGHTS ACT

### (Cal. Gov. Code §§12945.2(a); 29 U.S.C. §§2601-2654)

53.   Plaintiff hereby realleges and incorporates by reference as though set forth in their entirety each and every other allegation herein.

54.   Cal. Govt. Code § 12945.2(a) and 2 Cal. Code of Regs. § 7297.0(e) prohibits discrimination and retaliation of employees for taking a leave pursuant to the California Family Rights Act ("CFRA"). The federal Family and Medical Leave Act, 29 U.S.C. §§2601-2654 ("FMLA") similarly prohibits discrimination and retaliation for employees for taking a leave pursuant to the statute.

55.   Defendant violated the FMLA/CFRA by retaliating against Plaintiff for requesting time off to care for her medical condition, and by terminating her employment in retaliation of her utilization of her protected leave.

56.   As a result of the violation of the statutory provisions of California law as

-11-

COMPLAINT FOR DAMAGES

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8522

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

1    described hereinabove, Plaintiff has been damaged as hereinbefore alleged in an amount to be

2    shown according to proof.

3         57.    The acts of Defendant alleged above were done maliciously and/or oppressively.

4    Accordingly, Plaintiff is entitled to recover punitive damages against Defendant.

5         58.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

6    Pursuant to Government Code §12940, *et seq.*, Plaintiff is entitled to be reimbursed said legal

7

8    expenses and attorney's fees by Defendant.

9                          **SEVENTH CAUSE OF ACTION**

10                   **FAILURE TO PROVIDE OVERTIME PAY,**

11                    **MEAL BREAKS AND REST BREAKS**

12              **(Violation of Labor Code §§226, 218.6; 226.3; 226.4;**
                        **226.7; 558; 226.7; 510; 512; 1194;**
13            **Industrial Welfare Commissioners, Order 6, Section 3 and 11)**

14        59.    Plaintiff hereby realleges and incorporates by reference as though set forth in their

15   entirety each and every other allegation herein.

16        60.    Plaintiff is informed and believes and thereupon alleges that Defendant violated

17   the following provisions of California Statutory law; Labor Code §226, Labor Code §226.7; Labor

18   Code §510; Labor Code §512; Labor Code §1194; Labor Code §2802; Industrial Welfare

19

20   Commissioners, Order 6, Section 3 and 11 as set forth in detail hereinabove.

21        61.    At all times relevant hereto, and during the entire period of Plaintiff's employment

22   with Defendant, Defendant continuously, knowingly and intentionally, failed to pay Plaintiff the

23   monies earned by Plaintiff, including: overtime wages, and uncompensated meal and rest breaks.

24        62.    As a result of the violation of the afore described statutory provisions of California

25   law, Plaintiff has been damaged as hereinbefore alleged in an amount to be shown according to

26   proof in accordance with Labor Code §§218.6; 226.3; 226.4; 226.7; 558; and Industrial Welfare

27

28                                    -12-

1   Commission, Order 6, Section 3 and 11.

2       63.   Additionally, Plaintiff is entitled to attorney's fees, interest and costs, pursuant to

3   Labor Code §218.5.

### EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

4
5
6   64.   Plaintiff hereby realleges and incorporates by reference as though set forth in their

7   entirety each and every other allegation herein.

8       65.   Defendant undertook a series of actions against Plaintiff that was outrageous as

9   previously stated herein, was intended to cause Plaintiff to suffer emotional distress, or was made

10  with reckless disregard of the probability of causing Plaintiff to suffer emotional distress, and the

11  outrageous conduct of the Defendant caused the emotional distress suffered by Plaintiff.

12
13  66.   Defendant's conduct alleged herein was intentional, outrageous, malicious, and

14  committed for the purpose of causing Plaintiff to suffer humiliation, embarrassment, mental anguish

15  and severe emotional distress.

16      67.   As a proximate cause of Defendant's acts and/or omissions, as hereinabove alleged,

17  Plaintiff were injured in his strength, health, and activity, all of which has caused and continues to

18  cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering.  The

19  intentional infliction of emotional distress by Defendant upon Plaintiff, Plaintiff sustained damages

20  in sums currently unknown but will be proved at trial.

21
22  68.   The conduct of Defendant was undertaken with oppression and malice, and in

23  conscious disregard of the rights of Plaintiff, and justifies an award of punitive damages against

24  Defendant in an amount according to proof.

25
### NINTH CAUSE OF ACTION

26
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27  69.   Plaintiff hereby realleges and incorporates by reference as though set forth in their

28
-13-
COMPLAINT FOR DAMAGES

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

entirety each and every other allegation herein.

70.   As a proximate cause of Defendant's acts and/or omissions, as hereinabove alleged, Plaintiff was injured in her strength, health, and activity, all of which has caused and continues to cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering.  As a result of the intentional infliction of emotional distress by Defendant upon Plaintiff, Plaintiff sustained damages in sums to be proved at trial.

71.   As a proximate cause of the negligent infliction of emotional distress by Defendant, Plaintiff has sustained damages in sums that will be proved at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.   For compensatory damages, in an amount according to proof;

2.   For exemplary and punitive damages;

3.   For a declaration that Defendant's conduct is unlawful;

5.   For an award of interest, including pre-judgment interest at the legal rate;

6.   For an award of attorney's fees and costs;

7.   For liquidated damages;

8.   For costs of suit incurred; and

9.   For such other and further relief as the Court deems appropriate.

DATED:  July 30, 2014          LIU EMPLOYMENT LAW FIRM


                               By: _____
                                   CLARICE C. LIU
                                   Attorney for Plaintiff MARIA DELA VEGA

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-9622

-14-
COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff MARIA DELA VEGA hereby demands a trial by jury in this action.

DATED: July 30, 2014                    LIU EMPLOYMENT LAW FIRM

By: _____
CLARICE C. LIU
Attorney for Plaintiff MARIA DELA VEGA

LIU EMPLOYMENT LAW FIRM
ONE SANSOME STREET, SUITE 3500
SAN FRANCISCO, CA 94104
(415) 288-8622

-15-
COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Clarice C. Liu (SBN 160555)<br>Liu Employment Law Firm<br>One Sansome Street, Suite 3500, San Francisco, CA 94104<br><br>TELEPHONE NO.: 415-288-8622    FAX NO.: 415-288-8633<br>ATTORNEY FOR (Name): Maria Dela Vega | (ENDORSED)<br>**FILED**<br>SAN MATEO COUNTY<br><br>JUL 3 1 2014<br><br>Clerk of the Superior Court<br>By  TYLER MAXWELL<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch

CASE NAME:
*MARIA DELA VEGA v. SEE'S CANDIES*

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIV 5 2 9 7 7 9 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33) | [ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | [ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21) |
| **Employment**<br>[✓] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Other petition (not specified above) (43) |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 9
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 30, 2014

CLARICE LIU
(TYPE OR PRINT NAME)                                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## NOTICE OF CASE MANAGEMENT CONFERENCE

*Maria Dela Vega*

(ENDORSED)
**FILED**
SAN MATEO COUNTY

JUL 3 1 2014

vs.

*Sees Candies*

Clerk of the Superior Court
By TYLER MAXWELL
DEPUTY CLERK

**CIV 5 3 0 7 7 9**

Case No: _____

Date: 12-05-2014

Time 9:00 a.m.

Dept. _____ --on Tuesday & Thursday

Dept. ___7___ --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a) Serve all named defendants and file proofs of service on those defendants with the court within **60-days** of filing the complaint (CRC 201.7).

   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

   c) **File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)].** Failure to do so may result in monetary sanctions.

   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30-days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10-days** prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

   a) Referring parties to voluntary ADR and setting an ADR completion date;

   b) Dismissing or severing claims or parties;

   c) Setting a trial date.

8. The Case Management Judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at:  www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:        FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063-1655
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT<br>*(Check one)*:  ☐ UNLIMITED CASE<br>(Amount demanded exceeds $25,000)     ☐ LIMITED CASE<br>(Amount demanded is $25,000 or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:              Div.:              Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.  Type of case in  ☐ complaint       ☐ cross-complaint       *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,
rules 3.720-3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date)*:
    b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
    a.  ☐ days *(specify number)*:
    b.  ☐ hours (short causes) *(specify)*:

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  E-mail address:
    ☐ Additional representation is described in Attachment 8.
    f.  Fax number:
    g.  Party represented:

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section)*:

10. **Alternative dispute resolution (ADR)**
    a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1) For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b.  Referral to judicial arbitration or civil action mediation (if available).
        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CASE MANAGEMENT STATEMENT

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
   action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*
      **Party** **Description** **Date**

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are
      anticipated *(specify):*

CM-110 [Rev. July 1, 2011]                **CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Superior Court of California, County of San Mateo

## CHAPTER 2.  CIVIL TRIAL COURT MANAGEMENT RULES
## PART 1.  MANAGEMENT DUTIES

Rule 2.2    Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2.  CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following:  (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a)      Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)      To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)      To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)      To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution.  Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)      In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)      Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed.  The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below.  Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint:  Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted.  The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint:  Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings:  Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service.  The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered.  If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered.  The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service:  Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

Div II - Rules                                    202                           Revised 1/1/2012

Superior Court of California, County of San Mateo

(A)    Time to serve may be extended for good cause:  Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 – 3.1206*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona).  An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired.  The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance.  In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)    Additional extension of time if uninsured motorist arbitration is pending.  In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)    Time to respond may be extended for good cause:  Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond.  The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)    Case management conference

(1)    Date of conference:  Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed.  (Government Code 68616)

(2)    Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)    Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)    The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)    The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)    Designation of trial counsel: Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference.  If such counsel is not

Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)    Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

   (A)    An order referring the case to arbitration, mediation or other dispute resolution process;

   (B)    An order transferring the case to the limited jurisdiction of the superior court;

   (C)    An order assigning a trial date;

   (D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

   (E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

   (F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

   (G)    An order scheduling the exchange of expert witness information;

   (H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

   (I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

   (A)    Reference CRC, Rule 3.670

   (B)    Procedure. Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

   (C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. . Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

Superior Court of California, County of San Mateo

(D)     At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation).  If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff.  If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral.  If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)     Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement.  If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)     Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees.  Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement.  Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)     Stipulations to Arbitration

(1)     If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration.  A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference.  A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)     It is the policy of this court to make every effort to process cases in a timely manner.  Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled "*Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing.*"  Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)].  Continuances without adequate grounds will not be considered.  A case management judge will either grant or deny the request for continuance.  If the request is denied, the case may be assigned a trial date.  If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)     Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court.  The Stipulation must

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i) Stipulations to Private ADR

 (1) If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days.  The court shall notify all parties of the continued case management conference.

 (2) If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

 (3) Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session.  The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel.  The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider.  Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

 (4) All parties and counsel shall participate in the ADR process in good faith.

 (5) To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

 (6) ADR Program Complaint Policy  If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first.  In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator.  (For complete complaint procedure guidelines, see court web site: www.sanmateocourt.org/adr/civil)

 (7) In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j) Setting Short Cause Matters

 If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator.  In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly.  All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k) Law and Motion

Superior Court of California, County of San Mateo

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)     Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a p.e-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)     Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules.  The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)


Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)     A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)     An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)     An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)     An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar.  Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1,2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)


Rule 2.4  Settlement Conference

Reference: California Rule of Court, rule 3.138.

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at (650) 599-1070.

# Civil Appropriate Dispute Resolution (ADR) Information Sheet
### Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

## What are the Advantages of Using ADR?

- *Faster* – Traditional litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control & flexibility* – Parties choose the ADR process most appropriate for their case.

- *Cooperative & less stressful* – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

## What are the Disadvantages of Using ADR?

- *You may go to Court anyway* – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

- *Not free* – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

## Are There Different Kinds of ADR?

- **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

- **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

- **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

- **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

- **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date.

Page 1 of 3

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use
Local Court Form ADR-CV-8 [New September, 2010]

[CA Rule of Court §3.221]
www.sanmateocourt.org

## How Does Voluntary Mediation/Neutral Evaluation Work In San Mateo County?

🖚  The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

🖚  All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

🖚  If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

🖚  You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.
   o   For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

🖚  If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

🖚  Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Courtroom 2F, Redwood City, CA 94063; (650) 599-1754 (fax).

## Do I Have to Pay to Use ADR?

🖚  Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

🖚  If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

For more information, visit the court website at www.sanmateocourt.org/adr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063. (650) 599-1070, (650) 363-4148 / fax: (650) 599-1754

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-5  [Rev September, 2010] www.sanmateocourt.org

Legal Resources                                                                   Page 1 of 2

Legal Resources

_____

Resources in your community.......

_____

**Legal Aid Society of San Mateo County**
www.legalaidsmc.org
521 E. 5th Ave, San Mateo, CA 94402
800-381-8898

Provides high quality civil legal services to low-income children, families and seniors. Serving over 2300 people last year, and helping another 4000 people find the right resource, Legal Aid's mission is to be a source of legal advice, representation and education in our community, so that everyone will have access to justice. Legal Aid provides legal assistance on health care issues, domestic violence, family law, government benefits, disability issues, and small business development. Housing-related programs include HomeSavers, which helps tenants who are having problems with their landlords, and HomeBuilders which works to promote the development of more affordable housing.

**La Raza Centro Legal**
www.lrcl.org
866-4-LARAZA (toll free)

Provides bilingual legal services and lawyer referral, but only in South San Francisco.

**Bay Area Legal Aid, San Mateo County Regional Office**
www.baylegal.org
2287 So. El Camino Real, San Mateo, CA 94403
650-358-0745        800-551-5554

Provides free legal assistance with eviction defense, landlord-tenant disputes, housing discrimination, and creation and preservation of affordable housing. Services are available to very low-income clients in San Mateo County and throughout the Bay Area.

**Lawyer Referral Service, San Mateo County Bar Association**
www.smcba.org/community/lrs.htm
For a nominal fee, the staff arranges an appointment with an attorney.

650-369-4149

**Northern California Senior Legal Hotline**
www.seniorlegalhotline.org

If you are over 60 in Northern California, you can get free legal advice on any issue or more information about these programs from the Senior Legal Hotline.

515 12th St, Sacramento, CA 95814
916-551-2140 in Sacramento        800-222-1753 toll-free in Northern California
9-12 and 1-4 Monday through Friday; until 7:30 p.m. Thursdays

**Small Claims Mediation Program**
www.sanmateocourt.org/director.php?filename=/adr/smallclaims/index.html
650-573-3907

This program provides on-site mediation services. If a case settles in mediation, the court will not proceed with the small claims hearing, but rather will note in the court file that the parties reached a mediated settlement.

Legal Resources                                                    Page 2 of 2

Small Claims Court
www.sanmateocourt.org/director.php?filename=./smallclaims/index.html

Northern Branch (S. San Francisco) 877-5775
Central Branch (San Mateo) 573-2605
Southern Branch (Redwood City) 363-4303

Resources on the web.......

**California Courts Self-Help Center**
www.courtinfo.ca.gov/selfhelp

This site offers no legal advice, but links to sites on finding legal help and learning California landlord/tenant law. Free and low-cost help in Landlord/Tenant matters. Landlord/Tenant links. Eviction information and forms.

**NOLO Press**
www.nolo.com/encyclopedia/lt_ency.html

Self-help for landlords and tenants. Includes Ten Tips for Being a Successful Landlord; Landlord-Tenant Dispute Resolution FAQ; Leases and Rental Agreements FAQ; Tenant Selection FAQ; Housing Rights of Disabled Tenants; Rent FAQ; Security Deposit FAQ; Repairs and Maintenance FAQ; Tenants' Right to Privacy; Landlord Liability FAQs; Evictions; Landlord-Tenant Legal Codes for 50 States.

**California Public Interest Research Group (CALPIRG)**
www.calpirg.org/
(Click on Consumer Program)

Federal, state and local information on: security deposits, eviction process, maintenance & repairs, rental payments & insurance. Provides links to further assistance.

**U.C. Berkeley's Institute of Governmental Studies, California Local Codes & Charters**
www.igs.berkeley.edu/library/calcodes.html
Codes and charters of California cities and towns.

**California State Laws**
www.leginfo.ca.gov/calaw.html
Keyword search of all 29 codes of California State law. Texts of codes available.